(Decided 22nd March, 1882.)

---

SELLMAN ANDERSON *vs.* HARRY T. LEVELY.

*Case of contest in regard to the Election of a Sheriff—Construction of secs. 53 and 54, of Art. 35, of the Code, providing the mode of Conducting such Contest.*

The Constitution of 1851, directed that the Legislature should make provision for all cases of contested elections not provided for by that instrument. In pursuance of this provision of the Constitution, the Act of 1853, ch. 244, now sections 53 and 54, of Art. 35, of the Code, provided that such cases of contested elections should be "decided by the Judges of the several Circuit Courts, each in his respective circuit, and by the Superior Court of Baltimore City, in the City of Baltimore," and that each Judge of the Circuit Court, and of the Superior Court should adopt such mode of proceeding, and "prescribe such rules for taking testimony, and adjudging costs, as to him shall seem most satisfactory and least expensive." HELD:

1st. That it was not the purpose of the Legislature *to create a separate and independent tribunal* for the purpose of deciding election contests, but to confer upon an already *existing judicial tribunal, special and exclusive jurisdiction* in such cases.

2nd. That the provision authorizing the Judges of the Circuit Courts to prescribe the manner and mode of proceeding in such cases, was not a delegation of legislative power.

3rd. That independent altogether of the power incident and belonging to Courts of record over such matters, the Legislature in providing a tribunal to hear and decide election contests in pursuance of the provisions of the Constitution, had the right unquestionably to clothe such tribunal with the power to prescribe the mode and manner of its proceeding.

Anderson *vs.* Levely.

4th. That under the Constitution of 1867, sections 53 and 54, of Art. 35, of the Code, are still in force, and the Circuit Courts have jurisdiction to hear and decide a contest in regard to the election of a sheriff.

5th. That if upon the hearing of the contest the Circuit Court shall be of opinion that one of the contestants has been legally elected it will be so adjudged, and such party will be declared entitled to the office.

6th. That on the other hand, if from fraud or any other circumstances the Court shall be unable to determine in favor of the election of either of the contestants, and shall be of opinion that there has been no legal election of sheriff, it will be the duty of the Court to certify its decision to the Governor, in order that the vacancy in said office may be filled in pursuance of the Constitution and laws of this State.

APPEAL from the Circuit Court for Anne Arundel County, in Equity.

The bill in this case was filed by the appellant, praying that an injunction might issue against the appellee, enjoining him from prosecuting certain proceedings before the Circuit Court for Anne Arundel County, seeking to contest the election of the appellant to the office of sheriff of said county. The prayer of the bill was refused by the Court (MILLER, J.,) and the complainant appealed.

The cause was argued before BARTOL, C. J., STONE, GRASON, ALVEY, ROBINSON and IRVING, J.

*E. C. Gantt*, and *John H. Handy*, for the appellant.

Under the Constitution of this State, "The General Assembly shall make provision for all cases of contested elections of any of the officers, not herein provided for"—Constitution, Art. 3, sec. 47. The contested election of a sheriff is not provided for in the Constitution.

The only Act of Assembly relating to the contest of the election of sheriff, is embodied in the Code of Public General Laws, Art. 35, secs. 53 and 54.

Anderson *vs.* Levely.

The laws in relation to contested elections, are a part. of the election laws, which belong to the political department of the government, and not to the judicial. Sec. 53, of Art. 35, of the Code, was not intended to confer jurisdiction in the Circuit Courts as such, but created a statutory board or tribunal, designating of whom such tribunal should be composed, to decide cases of contested elections. *McCreary on Elections*, 284; *Dicky vs. Read*, 78 *Ill.*, 271; *State vs. Stewart*, 26 *Ohio*, 221; *Powers vs. Reed*, 19 *Ohio*, 181.

This position is sustained by analogy of the laws of nearly all the other States of the Union, that make provisions for contested elections. And this is the case whether the laws of the respective States create a special tribunal, or rest the authority in some existing agency or Court. *Arkansas Digest*, *p.* 9, 478; *Alabama*, *Art.* 3, *ch.* 4, *p.* 249; *Woods' Cal. Digest*, 281, *sec.* 26; *General Laws of Colorado*, 1007, *sec.* 82; *Thompson's Florida Digest*, 79; *Revised Statutes of Indiana*, *Vol.* 1, 272; *Iowa Code*, 119, *ch.* 6; *General Statutes of Kansas*, 424; *Revised Statutes of Kentucky*, 445; *Statutes of Minnesota*, 49; *General Statutes of Nebraska*, 359; *Revised Statutes of New Jersey*, 355; *Revised Statutes of Ohio*, 2997; *General Laws of Oregon*, 574; *Brightly's Digest*, (*Penn.*,) 572; *Tennessee Code*, 233; *Revised Statutes of Texas*, 256.

In all of the States having statutory provisions for contesting elections, whether jurisdiction is vested in an existing tribunal or Court, or where a statutory Board is created with this special authority, provisions are made for process or notice. The right to summon and compel attendance of witnesses, and the whole mode of proceedings from commencement to final judgment, is definitely prescribed by the laws.

It will be seen on examination of the different State enactments, previously cited, that secs. 53 and 54 of Art. 35 of the Code, stand alone, without association with, or analogy to, the laws of any State of the Union.

Anderson *vs.* Levely.

The phraseology of the secs. 53 and 54, sustains this position, that the Legislature did not intend to rest the jurisdiction there granted in the *Circuit Court*. Sec. 53 provides, that such cases shall be decided by *Judges* of the Circuit Court, *each in his respective Circuit*.

Had the intention of the Legislature been to confer the authority on the Circuit Courts, the simpler enactment would have been made—"shall be decided by the Circuit Courts." The Circuit Court would have had jurisdiction only within its own Circuit, no words of limitation would have been necessary.

That this is the correct inference, further appears from the succeeding sec. 54, which proposes to confer on the *Judge*, power and authority to adopt modes of proceedings, and prescribe rules for taking testimony and adjudging costs, all of which are established and regulated by law, for the Circuit Courts, but by no provision or implication are any modes of proceeding or rules established for a Judge in the discharge of any special jurisdiction.

The Legislature confers this special jurisdiction by sec. 53, which it° has the unquestioned right to do, upon the *Judge* of the Circuit Court. Modes of proceedings and rules of conduct not being provided, and the Judge being powerless to act without such, the section seeks to so clothe him with the power by enacting that he shall adopt such mode and such rules as seem most satisfactory.

The jurisdiction conferred by sec. 52, Art. 35 of the Code, is a special jurisdiction. No common law powers such as appertain to the judiciary, are embraced therein. Independent of the provisions of sec. 54, which propose to confer certain powers upon the Judge, he would have no authority to act. *Warfield vs. Latrobe*, 46 *Md.*, 123.

This applies with equal force whether the jurisdiction is vested in the Judge or in the Court.

The Constitution determines that "the *General Assembly shall make provision* for all cases of contested elections," such as sheriff. *Const., Art.* 3, *sec.* 29.

Under sec. 53, Art. 35, of the Code, the Judge is author-
ized to adopt modes of proceedings and prescribe rules
for taking testimony and adjudging costs. Under this
authority, the Judge, on application of any person, orders
notice to be given to the incumbent of office to appear at
some certain time and place or to answer the petition, if
one is filed, order witnesses to be summoned, or depositions
to be taken and submitted to him, and upon such evidence
hears and decides the case. What are all these proceed-
ings on the part of the Judge? From beginning to end,
they are the "making provision" for contesting the elec-
tion. This duty is directly enjoined on the Legislature
by the Constitution.

The General Assembly has no authority to delegate its
powers, or to shift on to any other department or agency,
the duties devolving under the Constitution upon it.

Independent of section 47, Art. 3, of the Constitu-
tion, the power to make laws, is vested under the Consti-
tution alone, in the Legislature.

Section 54, Art. 35, of the Code, enacts that each
Judge may *adopt such mode of proceeding* in such cases,
and *prescribe such rules* for taking testimony and adjudg-
ing costs, as to him seem most satisfactory and least
expensive. This is a delegation of Legislative power.
The *adopting of a mode of proceeding* in such cases, and
*prescribing rules* for taking testimony, and the adjudging
costs, is the making of law, a power that the Legislature—
the law making department of the Government—cannot
delegate. 2 *Black's Com.*, 1, 119, 263; *Constitution, Art.
3, sec.* 29; *Cooley Const. Lim.*, 92, 117; *Thorn vs. Creamer,*
15 *Barb.*, 114; *Bradley vs. Baxter,* 15 *Barb.*, 122; *Barto
vs. Himrod,* 8 *N. Y.*, 483; *Merrill vs. Sherborn,* 1 *N. H.*,
204; *Maxwell, et al. vs. State,* 40 *Md.*, 297.

Jurisdiction is given to the Judge under the law, but
it is as much a necessity in this case, that the authority,
means and instrumentalities should be provided by law,

Anderson *vs.* Levely.

before he can act, as it would be, if the jurisdiction had been vested in the County Commissioners, as in the case in Indiana, or in the chairman of the Board of Supervisors and two selected associates, as in Iowa and Kansas, or in the Judge and two Justices of the Peace, as is the law in Kentucky. 2 *Revised Statutes, Ind.*, 272; *Iowa Code*, 219; *General Statutes, Kansas*, 424; *Revised Statutes, Ky.*, 445; *Groome vs. Gwinn*, 43 *Md.*, 572.

The position of the Governor, in the case of *Groome vs. Gwinn*, 43 *Md.*, 572, would not have been strengthened by a law such as sec. 54, giving the Governor power to adopt a mode of proceeding and prescribe rules for taking testimony. "The decision of the Court would have been the same. The Legislature alone has the power of passing laws."

The Legislature creates a special jurisdiction, and the law must be construed strictly, and the powers vested under it must be clearly and distinctly defined. The laws of the other States, on this subject where the jurisdiction is vested in the Court, specifically make full provisions, determining the parties to the contest, the time within which proceedings shall be commenced, the character of the proceedings, notice or process is directed to be given. The power of summoning and compelling the attendance of persons and witnesses, and the production of papers, style of, and manner of service of process. *N. J. Revised Statutes*, 355; *Brightly's Digest, Penn.*, 572.

Of what necessity is this uniform legislation, if the above enumerated powers are inherent in the Courts, or are necessarily implied by the grant of jurisdiction?

Sec. 54, Art. 35, is contrary to the spirit and intent of the Constitution. It vests an arbitrary power and discretion in the Judge, not warranted.

The mode of proceeding, and rules for taking testimony in Courts of law, are established and regulated by the laws of the land, and cannot be changed or modified, nor

can any powers thereunder be delegated. The rights involved in cases of contested elections can, with no better reason, be left to the determination of the arbitrary discretion of the Judge, than they can, under the Constitution, be determined by the Governor.

This Court says, in *Groome vs. Gwinn*, 43 *Md.*, 628, "no Court of justice is warranted in assuming that the Constitution intended that the rights of parties can be taken away or decided by a form of trial for which *the* law of the land has made no provision."

The costs in all cases at law are the legal consequences of the suit. It is not in the power of the Legislature to leave the adjudging of costs to the arbitrary discretion of the Judge or even of a Court.

These sections of the Code are contrary to the Constitution, because of the want of uniformity.

Laws are to receive an unvarying interpretation, and their practical construction must be uniform.

A Constitution is not to be made to mean one thing at one time, and another at some subsequent time, when the circumstances have so changed as perhaps to make a different rule in the case seem desirable. *Cooley Con. Lim.*, 54, 117 *A.*

Sec. 54 leaves to each Judge the arbitrary discretion of adopting a mode of proceeding, and the conclusive right to prescribe rules for taking testimony and adjudging costs.

It never was the intention of the Constitution that a different mode of procedure should be adopted in contested election cases in Allegany County, from the mode adopted in Anne Arundel County, or that different rules for taking testimony could be prescribed by the Judge of Washington County, from those enforced in Worcester.

It is repugnant to the Constitution to contend that the Judge in one county in the State, should adjudge that each party in a contested election case, should pay his

own costs, and the Judge in a neighboring county pre-
scribe that the costs should .follow the judgment and be
borne by the losing side.

The jurisdiction is given to *each* Judge of the Circuit
Court. Clearly under this law, application could be made
to either Judge of the Circuit, and in the event of three
different offices being contested in the same county, pro-
ceedings could be instituted in the three different cases,
before the three Judges of the Circuit Court separately,
each adopting such a mode of proceeding as seemed to
him most satisfactory, and prescribing rules for taking
testimony, at his discretion, and in each case, in the
honest exercise of their judgment, the three tribunals
might make entirely different *provisions* for trial.

There is no provision in the law for the finding of the
Judge or judgment being given.

*James M. Munroe, Frank H. Stockett,* and *Wm. H.
Tuck,* for the appellee.

At the time of the passage of the Act of 1853, ch. 244,
there was only one Judge for each Judicial Circuit, and
so the law remained until changed by the Constitution of
1867, Art. 4, sec. 21.

The Act of 1853, ch. 244, does not create a tribunal for
the purpose of deciding election contests, but confers upon
an already existing judicial tribunal a special and exclu-
sive jurisdiction over election contests not otherwise pro-
vided for.

The Court will give a sensible construction to secs. 53
and 54, of Art. 35, of the Code. It cannot be fairly con-
tended that the Legislature intended to confer one kind
of jurisdiction on the Superior Court of Baltimore City,
and another kind of jurisdiction on the Judges of the
County Courts. But the Legislature did confer the juris-
diction in certain contested election cases on the Superior
Court of Baltimore City, and it is a fair inference that

when in the same section of the same law they confer the same jurisdiction upon the Judges of the several Circuit Courts, they meant to confer that jurisdiction upon the several Circuit Courts over which the Circuit Judges presided, and this inference is strengthened by the fact that the Legislature did not prescribe the method of procedure to be followed, and confer upon the Judges the power to summon, and compel the attendance of witnesses, &c., as would be necessary in the case of a special and *quasi* judicial tribunal, because all the power necessary to the exercise of the jurisdiction so conferred, inhered in the Courts upon which the jurisdiction was so conferred. *Groome vs. Gwinn,* 43 *Md.,* 572, 629.

The directions given by the Legislature in sec. 54, of Art. 35, of the Code, (Act 1853, ch. 244,) to the Judges of the several Circuit Courts, to adopt such mode of proceedings, and to prescribe such rules for determining the questions submitted to them, were in accordance with, and within the scope of the powers of the several Circuit Courts, and were in no sense a delegation by the Legislature of its powers to enact laws, nor were such rules or modes of proceeding, when so prescribed by the Court, in any sense, laws requiring the enactment of the Legislature. The discretion so committed to the Courts was not greater nor different in character from that which they had always exercised in prescribing rules and making orders regulating their proceedings. *Maxwell vs. State,* 40 *Md.,* 297.

The fact that other States have regulated by statute the particular modes of proceeding in contests of elections, can in no way affect the validity or the propriety of the powers and discretion so committed to our Circuit Courts.

In answer to the objection of the appellant, that under the provisions of the Code, jurisdiction in such cases is given to *each* of the three Judges of the Circuit Courts,

as now organized, it is sufficient to say, that when the law was passed, (1853,) there was only one Judge for each Circuit, and the phraseology of the law was adopted to the state of things then existing, and the conclusions stated by the appellant, that in the event of three different offices being contested in the same county, proceedings could be instituted in the three different cases before the three Judges of the Circuit Court separately, is simply preposterous, and can find no warrant under any proper construction of the law.

This Court will make every intendment in favor of sustaining the law, confiding to a tribunal adequate from its procedure and practice inherent in its organization, to protect the purity of the ballot box, and provide a sure means of investigating frauds upon the elective franchise. *McCrary on Elections, sec.* 387.

ROBINSON, J., delivered the opinion of the Court.

The question in this appeal is whether the Circuit Court for Anne Arundel County, has jurisdiction to decide a contest in regard to the election of sheriff for that county. The question is a plain one, and to our minds free of difficulty.

The Constitution of 1851, directed that the Legislature should make provision for all cases of contested election not provided for by that instrument.

In pursuance of this provision of the Constitution, the Act of 1853, ch. 244, now secs. 53 and 54, Art. 35 of the Code, provided "that such cases of contested election should be decided by the Judges of the several Circuit Courts, each in his respective circuit, and by the Superior Court of Baltimore City, in the City of Baltimore," and that each Judge of the Circuit Court and of the Superior Court, should adopt such mode of proceeding, and "prescribe such rules for taking testimony and adjudging costs as to him shall seem most satisfactory and least expensive."

It was not the purpose of the Legislature as was argued by the appellant, *to create a separate and independent tribunal* for the purpose of deciding election contests; but to confer upon an already *existing judicial tribunal, special and exclusive jurisdiction* in such cases. When the Act of 1853 was passed, there was only one Judge for each circuit, and the jurisdiction conferred was upon the several Circuit Courts over which the circuit Judges presided. This is obvious from the provision in regard to the Superior Court of Baltimore City.

Nor is there any force in the argument, that the provision of the Act of 1853 authorizing the Judges of the Circuit Court to prescribe the manner and mode of proceeding in such cases, is a delegation of legislative power. Independent altogether of the power incident and belonging to Courts of record over such matters, the Legislature in providing a tribunal to hear and decide election contests in pursuance of the provisions of the Constitution, had the right unquestionably to clothe such tribunal, with the power to prescribe the mode and manner of its proceedings.

Under the Constitution of 1867, secs. 53 and 54, of Art. 35 of the Code are still in force, and we are of opinion, therefore, that the Circuit Court from which this appeal is taken, has jurisdiction to hear and decide the contest in regard to the election of sheriff.

If upon the hearing of the contest, the Circuit Court shall be of opinion that one of the contestants has been legally elected, it will be so adjudged, and such party will be declared entitled to the office.

On the other hand, if from fraud or any other circumstances, the Court shall be unable to determine in favor of the election of either of the contestants, and shall be of opinion that there has been no legal election of sheriff, it will be the duty of said Court to certify its decision to the Governor, in order that the vacancy in said office may

be filled in pursuance of the Constitution and laws of this State.

<div align="right">

*Order affirmed, and*

*bill dismissed.*